**WOODNICK LAW, PLLC**
1747 E. Morten Avenue, Suite 205
Phoenix, Arizona 85020
Telephone: (602) 449-7980
Facsimile: (602) 396-5850
office@woodnicklaw.com

Gregg R. Woodnick, #020736
Markus Risinger, #031524
markus@woodnicklaw.com

*Attorneys for Clayton Echard*

# IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LAURA OWENS,<br>aka LAURA MICHELLE OWENS,<br>aka EMILY LAURA WILSON,<br><br>    Debtor.<br>_____<br>Clayton Echard,<br>    Plaintiff,<br>v.<br><br>LAURA OWENS,<br>aka LAURA MICHELLE OWENS,<br>aka EMILY LAURA WILSON,<br><br>    Defendant/Debtor. | Chapter 7<br>Case No.: 2:25-bk-11801-BKM<br>Adversary No. _____<br><br>**ADVERSARY COMPLAINT FOR NONDISCHARGEABILITY OF DEBT AGAINST DEBTOR LAURA OWENS, ET AL** |

Plaintiff Clayton Echard, through counsel, alleges the following for his *Complaint for Nondischargeability of Debt*:

## PARTIES, JURISDICTION, AND VENUE

-1-

1. This is an adversary proceeding under pursuant to 11 U.S.C. § 523 and Fed. R. Bankr. P. 7001(d) & (f) to determine the non-dischargeability of debt owed by Debtor Laura Owens to Plaintiff/Creditor Clayton Echard (hereafter "Echard") in connection with the following state court cases (the "State Court Actions"):

In re Laura Owens and Clayton Echard
FC2023-052114
Superior Court of Arizona, Maricopa County, Family Division

Laura Owens v. Clayton Echard
2 CA-CV 24-0315
Arizona Court of Appeals, Division Two

Laura Owens v. Clayton Echard
CV-25-0124-PR
Supreme Court of Arizona

In re Laura Owens and Clayton Echard
FC2023-052771
Superior Court of Arizona, Maricopa County, Family Division

In re Clayton Echard and Laura Owens
CV2023-053952
Superior Court of Arizona, Maricopa County, Civil Division

State of Arizona v. Laura Michelle Owens
CR2025-007905-001
Superior Court of Arizona, Maricopa County, Criminal Division

2. The Debtor/Defendant, Laura Owens (hereafter "Owens"), filed for Chapter 7 bankruptcy in this matter on or about December 8, 2025.

3. Owens is an individual who currently resides, and at all relevant times has resided, in Scottsdale, Arizona.

-2-

4. Upon information and belief, Owens is or was a manager, member, or shareholder of several business entities, including but not limited to Quartet Farms LLC, LizMax Investments LLC, Keybacker Inc., Stylete LLC.

5. Echard is a creditor of Owens by virtue of several judgments, entered for Echard's benefit and against Owens, in the Superior Court of Arizona, the Arizona Court of Appeals, and the Supreme Court of Arizona. The state courts entered the judgments for attorney fees and costs incurred in the litigation and subsequent appeals in pursuit of Owens's fraudulent paternity claim under Arizona Revised Statutes, Title 25 – Marital and Domestic Relations.

6. Echard has not yet filed a proof of claim in this bankruptcy proceeding, and no deadline for filing proof of claim has been set as of the date of this Complaint. In her Voluntary Petition for Bankruptcy, Owens lists the debt to Echard as an undisputed and non-contingent claim secured by judgment lien.

7. Owens was present in Arizona and resided in Arizona at all times relevant to the allegations in this Complaint.

8. This Court has jurisdiction over this adversary proceeding as a core proceeding under 28 U.S.C. §§ 157(b) and 1334.

9. The District of Arizona is the most appropriate venue because this adversary proceeding arises from Owens's bankruptcy petition now pending in this Court.

## BACKGROUND

10. Owens and Echard met on or about May 17, 2023.

11. At the time of their acquaintance, Owens portrayed herself as an entrepreneur with business interests in media, real estate, and the equitation (among others).

12. At the time of their acquaintance, Echard was—and still is—a real estate advisor.

13. Owens represented to Echard that she wanted to invest in real estate and sought his services as a real estate advisor.

14. Between May 17 and May 20, 2023, Owens and Echard viewed a few properties in or around Scottsdale, Arizona.

15. On August 1, 2023, Owens filed a paternity lawsuit (FC2023-052114) in Maricopa County, Arizona.

16. In the suit, Owens alleged she was pregnant and sought to establish paternity by Echard and orders for legal decision-making, parenting time, and child support.

17. Echard denied the allegation and asserted, in his petition for a finding of non-paternity, that Owens fabricated a pregnancy and could not be pregnant by him because they did not have intercourse.

18. Additional collateral litigation arose between Owens and Echard, including Owens's petition for an order of protection against Echard and Echard's petition for an injunction against harassment against Owens. Owens testified in court and in depositions several times as a result of the paternity action, the order of protection action, and the injunction against harassment action.

19. The Superior Court of Arizona conducted a bench trial to resolve the outstanding issues in the paternity action on June 10, 2024.

20. Owens admitted to introducing evidence into the proceedings that she altered, including misrepresenting test data and identity.

21. The Superior Court heard testimony from Owens, Echard, and two expert witnesses concerning the plausibility of Owens's alleged pregnancy, her fraudulent alteration of test results, and other misconduct in the paternity proceedings.

22. The Superior Court found that Owens brought the paternity action without basis or merit, testified falsely, misled the court, altered documents introduced into evidence, and acted with improper purpose in the suit against Echard. The Superior Court also found Owens knowingly presented a false claim and awarded Echard his attorney fees and costs associated with FC2023-052114.

23. On August 19, 2024, the Superior Court entered judgment for Echard and against Owens, in the amount of $149,219.76 plus interest at the legal rate beginning 180 days from the judgment, for attorney fees and costs incurred in the fraudulent paternity action.

24. Owens appealed the judgment to the Arizona Court of Appeals. The Arizona Court of Appeals affirmed the judgment and awarded Echard additional attorney fees and costs incurred in defense of the appeal via two judgments entered May 6 and May 28, 2025. The total amount of these judgments is $40,259.50 plus interest at the legal rate.

25. Owens petitioned the Arizona Supreme Court for review of the lower court judgments. The Arizona Supreme Court denied review and awarded Echard additional attorney fees and costs via judgment entered September 19, 2025. The total amount of this judgment is $6,597.06 plus interest at the legal rate.

26. In total, Owens owes Echard $196,076.32 in principal, plus interest at the legal rate from the above dates, in judgments.

27. In addition to awarding Echard a judgment for attorney fees and costs incurred in the paternity litigation, the Superior Court found that Owens had engaged in a pattern of similar behavior against individuals other than Echard and referred the matter to the Maricopa County Attorney's Office for further investigation of Owens's actions pursuant to A.R.S. §§ 13-2702 and 13-2809.

28. On or about May 1, 2025, a grand jury indicted Owens with seven felony charges relating to her conduct toward Echard and the paternity litigation. The case number for the first indictment was CR2025-006831 in Maricopa County, Arizona.

29. On or about November 4, 2025, a grand jury indicted Owens with six additional felony charges relating to similar conduct against another victim prior to her meeting Echard. The charges in the original indictment were dismissed without prejudice and brought again in consolidation with the new indictment with, upon information and belief, one additional charge relating to Echard. The case number for all charges arising from both indictments is CR2025-007905 in Maricopa County, Arizona. The case remains pending as of the time of this adversary complaint.

30. Upon information and belief, the charges specifically resulting from Owens's conduct toward Echard—or conduct done in relation to the paternity litigation against Echard—include fraudulent schemes/artifices (A.R.S. § 13-2310), forgery of a written instrument (A.R.S. § 13-2002), five counts of perjury via false sworn statement (A.R.S. § 13-2702), and tampering with physical evidence (A.R.S. § 13-2310).

## COUNT I – NONDISCHARGEABILITY OF DEBT
## (11 U.S.C. § 523(a)(6))

31. The current indebtedness Owens owes to Echard arises from the judgments awarded in the State Court Actions.

32. Owens is not entitled to discharge the debt owed to Echard because the judgments result from the financial injury Owens caused by engaging in the conduct alleged in this complaint.

33. Owens's conduct was willful and malicious.

34. Owens knew, or should have known, that the fraudulent conduct in which she engaged would cause significant financial harm to Echard.

35. Owens's conduct did, in fact, cause significant financial harm to Echard, resulting in the judgments against Owens described in this complaint.

36. Therefore, the debt Owens owes to Echard is not dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## COUNT II – INELIGIBILITY FOR DISCHARGE
## (11 U.S.C. § 727)

37. Upon information, Owens is a beneficial interest holder in several business entities, including but not limited to Quartet Farms LLC, LizMax Investments LLC, Keybacker Inc., Stylete LLC.

38. Upon information, within one year before the date of filing of the petition, Owens transferred, removed, destroyed, mutilated, or concealed, or has permitted any of these acts, certain property of the debtor with the intent to hinder, delay, or defraud a creditor in violation of 11 U.S.C. § 727(a)(2)(A).

39. Upon information, Owens has unjustifiably concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information from which her financial condition or business transactions might be ascertained in violation of 11 U.S.C. § 727(a)(3).

40. Upon information, Owens has knowingly and fraudulently presented false claims in this case to hinder the ability of creditors to ascertain her financial condition and the extent of her estate, including:

    a. Denying the existence of a business partner or affiliate's pending bankruptcy action in the Voluntary Petition;

    b. Denying that she has received income in the past two years in contradiction to previous statements made under oath.

41. Upon information, Owens has failed to explain, and cannot satisfactorily explain, loss or deficiency of assets to meet her liabilities.

42. Therefore, Echard objects to the granting of a discharge and requests that the Court order the bankruptcy trustee to examine Owens's acts and conduct to determine whether a ground exists for denial of discharge.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Echard respectfully requests the Court enter judgment in his favor against Owens as follows:

A. An order for the bankruptcy trustee to investigate the acts and conduct of the debtor to determine whether a ground exists for denial of discharge;

B. If such grounds are discovered, a judgment declaring that Owens is not entitled to discharge of any debts under 11 U.S.C. § 727(a)(2), (a)(3), (a)(4), or (a)(5);

C. Notwithstanding any findings pursuant to 11 U.S.C. § 727, a judgment declaring Echard's claims, including principal indebtedness and interest, against Owens are not dischargeable under 11 U.S.C. § 523(a)(6); and

D. Any further relief the Court deems just and proper.

DATED: January 9, 2026.

                                                  **WOODNICK LAW, PLLC**

Markus Risinger
Gregg R. Woodnick
*Attorneys for Clayton Echard*

**COPY** of the foregoing mailed (or *served electronically) on January 9, 2026 to:

Laura Owens
11440 N 69th Street
Scottsdale, AZ 85254
laura@lauramichelleowens.com
*Debtor, in propria persona*

Eric M. Haley
P.O. Box 13390
Scottsdale, AZ 85267
trustee@haley-law.com
*Bankruptcy Trustee*

Stuart Bradley Rodgers
stuart.rodgers@nrhslaw.com
*Attorney for Bankruptcy Trustee*

By: */s/ Jordan Taylor*