ILENE J. LASHINSKY (AZ #3073)
United States Trustee
District of Arizona

JENNIFER A. GIAIMO (NY #2520005)
Trial Attorney
230 North First Ave., Suite 204
Phoenix, Arizona 85003-1706
Telephone: (602) 682-2617
Email: Jennifer.A.Giaimo@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LAURA OWENS,<br><br>    Debtor. | Chapter 7<br><br>Case No. 2:25-bk-11801-BKM<br><br>**UNITED STATES TRUSTEE'S APPLICATION FOR FRBP 2004 EXAMINATION AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

The United States Trustee ("UST"), by and through the undersigned counsel, files this Application for FRBP 2004 Examination and Request for Production of Documents pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1 and respectfully shows the following:

**MEMORANDUM OF POINTS AND AUTHORITIES**

Debtor, Laura Owens ("Debtor"), filed her voluntary Chapter 7 bankruptcy petition in this case on December 8, 2025. See Docket #1. The UST recently learned facts that the UST is required to investigate to ascertain whether an objection to Debtor's discharge is appropriate in this case. In order to determine whether such an action is

appropriate, the UST deems it necessary to obtain documents from the Debtor and examine the Debtor under oath.

The UST has authority to seek examinations under Rule 2004 of the Federal Rules of Bankruptcy Procedure. *See* 28 U.S.C. § 586 and 11 U.S.C. § 307; *see also In re Youk-See*, 450 B.R. 312, 316 (Bankr. D. Mass. 2011); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 380-82 (Bankr. W.D. Pa. 2008) (describing history and powers of UST). Further, it is generally accepted that the scope of a Rule 2004 examination is broad and that a Rule 2004 motion may be considered *ex parte*. *See In re Symington,* 209 B.R. 678, 684-85 (Bankr. D. Md. 1997).

Based on the foregoing, the UST requests that the Court grant this motion *ex parte* and issue the proposed order being lodged herewith requiring the Debtor to appear for examination and produce the documents described in Exhibit A attached hereto.

WHEREFORE the UST requests that the Court grant this motion and issue the proposed order requiring the Debtor to (1) appear on a date and time agreeable to the parties or, if upon notice, after not less than 21 days' notice either in person or via Zoom video conferencing application, for oral examination, which may be videotaped and will be recorded by stenographic means and which will be taken before an officer authorized by the laws of the United States to administer oaths and to take testimony; and (2) produce for inspection and copying the documents described in Exhibit A attached hereto, including electronically stored information, which are in the Debtor's possession, custody, or control, by delivering originals or copies of the documents to the undersigned counsel via either email directed to Jennifer.A.Giaimo@usdoj.gov or in hard copy format

Case 2:25-bk-11801-BKM    Doc 34    Filed 02/12/26    Entered 02/12/26 09:57:25    Desc
Main Document    Page 2 of 7

by mail delivery to the attention of Jennifer A. Giaimo, Trial Attorney, Office of the United States Trustee, 230 N. First Avenue, Suite 204, Phoenix, Arizona, 85003 on a date and time agreeable to the parties or, if upon notice, after not less than 21 days' notice.

RESPECTFULLY SUBMITTED this 12th day of February, 2026.

ILENE J. LASHINSKY<br>
United States Trustee<br>
District of Arizona<br>
<br>
/s/ JAG (NY #2520005)<br>
_____<br>
JENNIFER A. GIAIMO<br>
Trial Attorney

## CERTIFICATE OF SERVICE

This is to certify that on February 12, 2026, a copy of the foregoing pleading was served on the Debtor via first class mail at the addresses listed below:

Laura Owens
11440 N 69th Street
Scottsdale, AZ 85254

/s/ Jennifer A. Giaimo
_____
JENNIFER A. GIAIMO

# EXHIBIT A

## Request for Production of Documents to Debtor
## Laura Owens, 2:25-bk-11801-BKM

**Instructions & Definitions**:

Please note that, in addition to producing copies of paper documents responsive to these requests, the Debtor is obligated to produce all electronically stored information that is responsive to these requests, including emails and text messages, and that such electronically stored information should be produced either in native file format with all metadata intact or in a non-native format (*e.g.,* TIFF images) with metadata included in an accompanying file (*e.g.*, a database load file).

The Debtor is required to serve a written response to this request for documents. In responding to these document requests, the Debtor shall produce documents in a manner corresponding to the categories of this request and label documents that are responsive to each request. If no responsive documents exist or if responsive documents are not within the Debtor's possession, custody, or control, then the Debtor shall so state in her written response.

For purposes of the following document requests, the term "PETITION DATE" shall mean and refer to December 8, 2025.

For purposes of the following document requests, the term "RESPONSE DATE" shall mean and refer to the date on which the Debtor responds to these document requests.

## DOCUMENT REQUESTS

1. **Tax Returns**. Please produce copies of federal and state tax returns, including all schedules, attachments, and worksheets, prepared or filed by or for the Debtor for tax years 2023 through 2025.

2. **Financial Account Statements**. With respect to all bank, financial, brokerage, credit card, checking, savings, money market, trust, stock trading, stock, retirement, and debit accounts, held in the name of the Debtor or as to which the Debtor had signatory authority or use or access, *e.g.,* by use of a debit or

credit card, during and covering the period, in whole or in part, from January 1, 2023, through the Response Date, including but not limited to all accounts disclosed on the Debtor's Schedules and Statement of Financial Affairs ("SOFA"), and Amended Schedules and SOFA and accounts in the name of Quartet Farms, LLC, LizMax Investments LLC, Keybacker, Inc., and Stylete, LLC, please produce the following:

a. Copies of all monthly or periodic statements for such accounts for the period from January 1, 2023 through the Response Date;

b. Copies of checks or other instruments in excess of $1,000 drawn on such accounts during the period from January 1, 2023, through the Response Date;

c. Copies of all documents reflecting cashier's checks and money orders purchased with funds from such accounts in excess of $1,000 during the period from January 1, 2023, through the Response Date; and

d. Copies of all deposited checks, other instruments, and documents from which the source and nature of deposits into such accounts is discernible (*e.g.*, deposit slips, check registers) for the period from January 1, 2023, through the Response Date.

e. Copies of check registers, QuickBooks, or other documents that identify the source and nature of deposits and the nature, purpose, and payee of disbursements that are not readily identifiable from the statements (*e.g.,* checks as to which copies of checks are not submitted, electronic transfers, etc.).

3. **Asset Sales.** Please produce copies of all documents pertaining to or showing any sales of property or assets by the Debtor during the period from January 1, 2023, through the Response Date, including but not limited to purchase agreements, bills of sale, escrow statements, closing statements, and documents reflecting the receipt or disposition of sale proceeds.

4. **Insurance.** Please produce copies of all insurance policies as to which the Debtor is a named insured with respect to any real or personal property at any time between January 1, 2023 through the Response Date and copies of all documents relating to any insurance claims filed by or on behalf of the Debtor during the period from January 1, 2023, through the Response Date, including but not limited to claim forms, correspondence with insurance companies, settlement agreements, and documents reflecting the receipt or disposition of insurance proceeds.

5. **Loan Applications.** Please produce copies of all loan applications, credit applications, financial statements, and supporting documents submitted by or on behalf of the Debtor to any financial institution, creditor, or lender during the period from January 1, 2023, through the Response Date.

6. **Storage Units and Safe Deposit Boxes.** Please produce copies of all documents relating to the leasing, rental, or use of any storage unit or safe deposit box by the Debtor during the period from January 1, 2023, through the Response Date, including but not limited to lease agreements, rental agreements, payment records, and access logs.

7. **Trusts.** Please produce copies of all trust documents, trust agreements, amendments, and related documents pertaining to any trust of which the Debtor is, was, or will be the creator, trustee, grantor, settlor, or beneficiary at any time during the period from January 1, 2023, through the Response Date, including but not limited to trust instruments, schedules of trust assets, financial statements, tax returns, and accountings.

8. **Cherry Tech Debt.** Please produce all documents reflecting invoices, receipts, account statements, or other related documents pertaining to the debt owed to Cherry Tech reflected on Debtor's Schedule E/F Item #4.14.

-7-

Case 2:25-bk-11801-BKM    Doc 34    Filed 02/12/26    Entered 02/12/26 09:57:25    Desc
Main Document    Page 7 of 7