David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
David@GingrasLaw.com

Attorney for Debtor Laura Owens

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LAURA OWENS, aka<br>LAURA MICHELLE OWENS, aka<br>EMILY LAURA WILSON,<br><br>Debtor. | Case No: 2:25-bk-11801-BKM<br><br>**MOTION FOR LEAVE TO ENTER LIMITED SCOPE APPEARANCE** |

Pursuant to Fed R. Bankr. P. 9029(c) and Ariz. Sup. Ct. R. 42, ER 1.2(d), undersigned counsel David S. Gingras respectfully moves for an order allowing him to enter a <u>limited scope appearance</u> in this matter[1] on behalf of debtor Laura Owens ("Ms. Owens").

As this Court is aware, Local Rule 9010-1(c)(1) takes an *all-or-nothing* approach to appearance of counsel; i.e., when a lawyer enters an appearance in a bankruptcy matter, the lawyer is ordinarily responsible for all aspects of the case until counsel withdraws or the case is closed:

> **(1) General Appearance.** An attorney who files a debtor's bankruptcy petition, or who files a notice of appearance on a debtor's behalf, must represent the debtor in all matters, other than adversary proceedings, until the case is closed or the Court enters an order approving withdrawal or substitution of counsel.

---

[1] Undersigned counsel currently represents Ms. Owens in an associated adversary proceeding, *Echard v. Owens*, 26-ap-0007.

Arizona state courts historically applied the same standard – when a lawyer appeared, the lawyer was responsible for the *whole case* until the matter concluded or the Court permitted withdrawal. This was the default rule for many years.

Recently, courts have begun to realize this all-or-nothing approach was too harsh because it could often deprive low-income litigants of the ability to obtain counsel who may be willing to appear, but only for limited purposes. For that reason, in 2003, the Arizona Supreme Court modified the Rules of Professional Conduct to expressly permit lawyers to engage in limited scope representations. *See* Ariz. Sup. Ct. R. 42, ER 1.2(d) (stating, "A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent.") Based on this change, the Arizona Rules of Civil Procedure were amended to expressly authorize limited scope representations in state matters without leave of court. *See* Ariz. R. Civ. P. 5.3(c).

Although Arizona's *state* courts have embraced the benefits of limited scope representations, the federal courts have not (yet) adopted local rules which address this beneficial practice. Despite this, Arizona's federal courts routinely agree lawyers may properly appear on a limited scope, even without seeking prior leave to do so:

> The Federal Rules of Civil Procedure do not expressly authorize or prohibit an attorney's limited scope appearance in a federal action. While the Local Rules of Civil Procedure in some districts expressly authorize limited scope appearances, the Local Rules of Civil Procedure in the District of Arizona are silent as to such appearances. Rule 83(b) provides that, in the absence of controlling law, a "judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." In other cases, judges in the District of Arizona have allowed attorneys to appear in prisoner civil rights cases for the limited scope of participating in the Court's inmate mediation program. Therefore, <u>a limited scope appearance is not inconsistent with federal law or the Federal and Local Rules of Civil Procedure</u>.

*Jacobs v. Wheaton Van Lines, Inc.*, 2018 WL 2939821, *2 (D.Ariz. 2018) (cleaned up) (emphasis added) (quoting *Folta v. Winkle*, 2016 WL 4087103, *1 (D.Ariz. 2016)).

Here, just as Fed. R. Civ. P. 83 permits district courts to adopt local rules (provided they are not inconsistent with federal law), Bankruptcy Rule 9029(a)(1) grants that same authority to this Court. As such, this Court may permit a lawyer to appear on a limited scope basis if good cause exists.

Here, good cause exists to allow undersigned counsel to enter a limited scope appearance in this matter. First, the undersigned is representing Ms. Owens entirely *pro bono*. Ms. Owens is currently seeking a Chapter 7 discharge from this Court, and she claims substantially no non-exempt assets and no meaningful income aside from support she is receiving from her parents (Ms. Owens currently lives at home with her parents).

Ms. Owens is unable to pay for representation of counsel in this matter. As a sole practitioner who is familiar with the history of the events which preceded this action, undersigned counsel is willing to provide *some* legal services to Ms. Owens on a *pro bono* basis, but not without any pre-established limits.

For that reason, undersigned counsel proposes to appear for Ms. Owens in this matter, with her informed consent under the following limitations:

1. If leave is granted, counsel will appear for Ms. Owens in this matter and will handle all aspects of the case for a period of not more than 60 days from the date the Court grants leave. This period should be sufficient to complete any discovery the trustee currently seeks, as indicated in the trustee's recently-filed Application for FRBP 2004 Examination. *See* Doc. 34.

2. If this matter is *not* resolved before the expiration of the 60-day period, counsel *may* agree to continue representing Ms. Owens for additional limited periods as necessary.

3. If the amount of work required by additional discovery requests from the trustee or any creditors becomes excessive, undersigned counsel may terminate his representation of Ms. Owens by filing a Notice of Termination of Limited Scope Representation. Upon such filing, counsel will be deemed to no longer represent Ms. Owens in this matter.

3

Case 2:25-bk-11801-BKM    Doc 37    Filed 02/12/26    Entered 02/12/26 16:06:22    Desc
Main Document    Page 3 of 5

For the Court's information, undersigned counsel previously met and conferred with trustee's counsel Jennifer A. Giaimo regarding this issue. Ms. Giaimo indicated she would not consent to undersigned counsel appearing on a limited scope basis without leave of court. For that reason, leave is requested for the reasons stated above.

DATED February 12, 2026.

                                      **GINGRAS LAW OFFICE, PLLC**

                                      /s/ David S. Gingras
                                      David S. Gingras

GINGRAS LAW OFFICE, PLLC
4802 E RAY ROAD, #23-271
PHOENIX, ARIZONA 85044

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record have been served with this pleading via CM/ECF, and that on this date I emailed a copy of the foregoing to: Laura Michelle Owens, laura@lauramichelleowens.com.

/s/ David Gingras

GINGRAS LAW OFFICE, PLLC
4802 E RAY ROAD, #23-271
PHOENIX, ARIZONA 85044