ILENE J. LASHINSKY (AZ #3073)
United States Trustee
District of Arizona

JENNIFER A. GIAIMO (NY #2520005)
Trial Attorney
230 North First Ave., Suite 204
Phoenix, Arizona 85003-1706
Telephone: (602) 682-2617
Email: Jennifer.A.Giaimo@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LAURA OWENS,<br><br>    Debtor. | Chapter 7<br><br>Case No. 2:25-bk-11801-BKM<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO MOTION FOR LEAVE TO ENTER LIMITED SCOPE APPEARANCE** |

The United States Trustee ("UST"), by and through the undersigned counsel, files this Objection to Motion for Leave to Enter Limited Scope Appearance (Docket #37) filed by David S. Gingras ("Gingras") and respectfully submits the following:

### MEMORANDUM OF POINTS AND AUTHORITIES

Debtor, Laura Owens ("Debtor"), filed her voluntary Chapter 7 bankruptcy petition in this case on December 8, 2025. *See Docket #1*. Debtor filed her petition *pro se*, and no attorney has entered an appearance on her behalf.

On February 9, 2026, Debtor appeared and testified at a continued meeting of creditors pursuant to Bankruptcy Code, 11 U.S.C. ("Code"), section 341(a) (the "341 Meeting"). The UST briefly examined Debtor under oath at the 341 Meeting. During the

examination, it became clear to the UST that a more extensive examination pursuant to Fed. R. Bankr. P. 2004 ("Rule 2004") would be necessary. Accordingly, after the 341 Meeting concluded, the UST filed a motion to obtain documents and examine the Debtor pursuant to Rule 2004 ("Rule 2004 Motion"). *See Docket #34.*

The Court granted the UST's Rule 2004 Motion on February 12, 2026. *See Docket #36.* On the same date, attorney Gingras filed the instant Motion for Leave to Enter Limited Scope Appearance ("Motion to Appear"). *See Docket #37.* The UST now objects to that motion for two essential reasons: (1) the Local Rules strictly prohibit the limited scope appearance that Gingras requests, and (2) Gingras is disqualified from representing the Debtor based on conflict of interest. The UST has no objection to Debtor's retention of counsel. The UST only objects to the limited scope representation that Gingras proposes.

### I. There is No Legal Basis to Disregard Local Rule 9010-1(c)(1)

Local Rule 9010-1(c)(1) states as follows:

> An attorney who files a debtor's bankruptcy petition, or who files a notice of appearance on a debtor's behalf, must represent the debtor in all matters, other than adversary proceedings, until the case is closed or the Court enters an order approving withdrawal or substitution of counsel.

Local Rule 9010-1(c)(1). The 2018 Notes to this Local Rule state that "[t]he Court will enforce this obligation regardless of any limitation contained in any retention agreement between the attorney and the debtor." *Id.*

Despite this firmly established rule, Gingras asks this Court to allow him to "provide *some* legal services to [Debtor] on a *pro bono* basis but not without any pre-

-2-

established limits." *See Motion to Appear, Docket #37, at 3 (emphasis in original).* He seeks permission to represent the Debtor for sixty (60) days with the option to continue that representation in his sole discretion. *Id.* Significantly, Gingras will not unconditionally commit to representing the Debtor for a full sixty (60) days. Rather, Gingras states, "[i]f the amount of work required by additional discovery requests from the trustee or any creditors becomes excessive, undersigned counsel may terminate his representation." *Id.*

Local Rule 9010-1(c)(1) was specifically designed to prevent precisely the type of "limited scope" representation that Gingras is proposing. The reason underlying such a rule was best explained by the court in *In re Seare*, 493 B.R. 158, 181 (Bankr. D. Nev. 2013):

> [Lawyers] cannot indiscriminately dismiss clients at their whim, or even if their clients don't pay on time. Lawyers are professionals that owe fiduciary duties to their individual clients, and must continue to represent them even if initially rosy predictions turn sour. AM. BAR ASS'N, SECTION OF LITIG., HANDBOOK ON LTD. SCOPE LEGAL ASSISTANCE 91 (2003) ("ABA HANDBOOK"); see RESTATEMENT (THIRD) OF LAW GOVERNING LAWYERS § 16 (2000).

Moreover, allowing Gingras to enter a limited scope appearance will needlessly complicate the process of obtaining stipulations, exchanging documents, and communicating about various aspects of the Debtor's case. For example, it appears that Gingras' proposed limited scope appearance would not cover issues pertaining to adversary proceedings. The UST's investigation of the Debtor is for the express purpose of a potential adversary proceeding under Code section 727, as stated in the UST's Rule 2004 Motion. Would Gingras be responsible for stipulations pertaining to adversary

Case 2:25-bk-11801-BKM    Doc 38    Filed 02/17/26    Entered 02/17/26 11:41:29    Desc
Main Document    Page 3 of 6

proceeding deadlines? If not, would counsel for the UST be required to communicate directly with the Debtor with respect to some but not all issues in this case? The confusion as to what issues Gingras will be handling and for how long he will be appearing is too burdensome to justify the requested deviation from Local Rule 9010-1(c)(1).

Gingras offers no compelling factual or legal basis to wholly disregard the firmly established Local Rule prohibiting limited scope appearances. Therefore, the Court should reject Gingras' request and hold that Gingras must either enter a notice of appearance subject to Local Rule 9010-1(c)(1) or not appear at all in this case.

## II. Gingras Has a Conflict of Interest

Debtor's largest creditor in this case is Clayton Echard ("Echard"). The debt owed to Echard arises out of a paternity suit filed by Debtor against Echard in state court in Maricopa County, Arizona ("the Paternity Suit"). During the course of the Paternity Suit, Debtor testified under oath and filed a sworn affidavit regarding her financial condition and income.

At the Meeting of Creditors in this case, Debtor was questioned about a particular affidavit filed in the Paternity Suit in which Debtor attested to owning a financial account with over $450,000 of funds. In response, Debtor testified that Gingras could explain the circumstances of that affidavit and offered to allow Gingras to testify at the Meeting of Creditors.[1]

---

[1] The UST is in the process of obtaining a transcript of the 341 Meeting.

In light of the foregoing, Gingras is a potential witness who, according to Debtor's own sworn testimony, has personal knowledge of highly relevant information concerning Debtor's sworn statements regarding Debtor's assets and income. Unquestionably, such information is material to this bankruptcy case and directly bears upon two crucial issues: (1) whether the Debtor in fact had assets and income that have not been disclosed in this case, and (2) whether the Debtor made a false oath in this case (or, alternatively, perjured herself in the Paternity Suit).

Rule 3.7 of the Arizona Rules of Professional Conduct, which applies to attorneys appearing in this Court pursuant to Local Rule 9010-1(a), prohibits a lawyer from acting as an advocate for a client in a case in which the lawyer is likely to be a necessary witness.[2] In light of Gingras' knowledge of Debtor's sworn statements pertaining to her income and assets in connection with the Paternity Suit, Gingras is a potential witness and, therefore, disqualified from representing the Debtor in this bankruptcy case.

---

[2] The lawyer may act as an advocate despite being a potential witness only if (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client. *See* Rule 3.7 of the Arizona Rules of Professional Conduct.

-5-

Case 2:25-bk-11801-BKM    Doc 38    Filed 02/17/26    Entered 02/17/26 11:41:29    Desc
Main Document    Page 5 of 6

WHEREFORE the UST requests that the Court sustain this objection and deny the Motion to Appear.

RESPECTFULLY SUBMITTED this 17th day of February, 2026.

        ILENE J. LASHINSKY
        United States Trustee
        District of Arizona

        /s/ JAG (NY #2520005)
        _____
        JENNIFER A. GIAIMO
        Trial Attorney

## CERTIFICATE OF SERVICE

This is to certify that on February 17, 2026, a copy of the foregoing pleading was served on the following:

Laura Owens
11440 N 69th Street
Scottsdale, AZ 85254

David S. Gingras, #021097
Gingras Law Office, PLLC
4802 E Ray Road, #23-271
Phoenix, AZ 85044
David@GingrasLaw.com

/s/ Jennifer A. Giaimo
_____
JENNIFER A. GIAIMO

-6-

Case 2:25-bk-11801-BKM    Doc 38    Filed 02/17/26    Entered 02/17/26 11:41:29    Desc
Main Document    Page 6 of 6