David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
David@GingrasLaw.com

Attorney for Debtor Laura Owens

GINGRAS LAW OFFICE, PLLC
4802 E RAY ROAD, #23-271
PHOENIX, ARIZONA 85044

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

In re:

LAURA OWENS, aka
LAURA MICHELLE OWENS, aka
EMILY LAURA WILSON,

Debtor.

Case No: 2:25-bk-11801-BKM

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO ENTER LIMITED SCOPE APPEARANCE**

Let's recap — undersigned counsel David S. Gingras is an attorney admitted to practice law in California and Arizona. Counsel is admitted to practice before this Court, and has been practicing law for more than 25 years. Undersigned counsel would like to offer *pro bono* services to debtor Laura Owens, with the only restriction being as to duration of the representation.

For reasons that appear purely performative and pretextual, counsel for the trustee objects to this.

As explained below, there is not a scintilla of merit to the trustee's objection. Indeed, the objection is both premature and, ultimately, it is based on a purely *hypothetical* issue founded on literally nothing but speculation. Trustee's counsel also misstates *both* the law *and* the facts.

Because the objection is premature, speculative, and substantively groundless, this Court can (and should) reject it without prejudice to the issue being revisited later, when and if necessary.

## I. INTRODUCTION

Once upon a time, lawyers were *encouraged* to provide free or low-cost services to the needy. This was seen not as a burden, but as an honorable *duty* owed to the courts by all members of the legal profession; "Courts have long recognized that attorneys, because of their profession, owe some duty to the court and to the public to serve without compensation when called on." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 800 (9th Cir. 1986) (citing *United States v. Dillon*, 346 F.2d 633, 635 (9th Cir. 1965)).

While few lawyers donate significant amounts of time, the practice is still strongly encouraged. The Arizona Rules of Professional Conduct expressly say so: "A lawyer should voluntarily render public interest legal service." Ariz. Sup. Ct. R. 42, ER 6.1.

This Court shares the view that *pro bono* services are a time-honored duty of the legal profession which benefits not only litigants, but the Court itself:

> [T]he United States Bankruptcy Court for the District of Arizona recognizes the exceptional commitment and efforts of bankruptcy attorneys and their staff in our district who assist self-represented parties. The District of Arizona still has one of the highest self-represented filing rates in the nation. <u>Pro bono volunteers help those debtors and creditors navigate through the complicated bankruptcy system</u>. <u>These attorneys greatly benefit the Court and all its participants</u>.

United States Bankruptcy Court, *Pro Bono Honor Roll*, available at: https://www.azb.uscourts.gov/pro-bono-honor-roll (emphasis added) (last accessed Feb. 18, 2026).

Despite this Court's (and the Arizona Supreme Court's) strong endorsement of *pro bono* services, the United States Trustee asks this Court to reject such an arrangement here. And why object? Counsel argues (with virtually no explanation) that the *entire weight of the United States Department of Justice* is unable to bear the unidentified "needless[] complicat[ion]" caused by allowing an indigent debtor to receive *some* assistance from a sole practitioner.

GINGRAS LAW OFFICE, PLLC
4802 E RAY ROAD, #23-271
PHOENIX, ARIZONA 85044

This argument is not only meritless, it is presented in bad faith. This Court should therefore grant leave for undersigned counsel to appear on a limited scope basis in the manner requested in the initial motion.

## II. DISCUSSION

### a. This Court's Rules Do NOT Prohibit Limited Scope Representation

In his original motion, undersigned counsel explained "Local Rule 9010-1(c)(1) takes an *all-or-nothing* approach to appearance of counsel; i.e., when a lawyer enters an appearance in a bankruptcy matter, the lawyer is ordinarily responsible for all aspects of the case until counsel withdraws or the case is closed." Doc. 37 at 1:19–22. Despite this, the motion further explained Arizona federal courts routinely *allow* limited scope appearances. *See id*. at 2 (citing *Jacobs v. Wheaton Van Lines, Inc.*, 2018 WL 2939821, *2 (D.Ariz. 2018) (approving limited scope appearance); *Folta v. Winkle*, 2016 WL 4087103, *1 (D.Ariz. 2016) (approving limited scope appearance)).

In the face of this authority *permitting* limited scope appearances in federal court, the trustee argues: "the Local Rules strictly prohibit the limited scope appearance that Gingras requests …." Doc. 38 at 2:8–9. Notably, the sole authority cited in support of that position is the language of Local Rule 9010-1(c)(1) itself (which, of course, *is entirely silent as to whether limited scope appearances are allowed or prohibited*).

Putting aside the fact that counsel for the trustee misrepresents what Local Rule 9010-1(c)(1) says, counsel also ignores this fact – the local rules of the Arizona *District* Court contain language substantially identical to *Bankruptcy* Court Local Rule 9010-1(c)(1). Just compare both rules:

**Arizona *District* Court Local Rule LRCiv. 83.3(a)**

> **a) Attorney of Record; Duties of Counsel.** Except as provided below, no attorney shall appear in any action or file anything in any action without first appearing as counsel of record. An attorney of record shall be deemed responsible as attorney of record in all matters before and after judgment until the time for appeal expires or until there has been a formal withdrawal from or substitution in the case. (emphasis added)

GINGRAS LAW OFFICE, PLLC
4802 E RAY ROAD, #23-271
PHOENIX, ARIZONA 85044

**Arizona *Bankruptcy* Court Local Rule 9010-1(c)(1)**

> **(1) General Appearance.** An attorney who files a debtor's bankruptcy petition, or who files a notice of appearance on a debtor's behalf, must represent the debtor in all matters, other than adversary proceedings, until the case is closed or the Court enters an order approving withdrawal or substitution of counsel. (emphasis added)

Thus, in a District Court proceeding, any lawyer who appears in any case "shall be deemed responsible as attorney of record in all matters". In contrast, the Bankruptcy Court version of the rule states a lawyer who appears for a debtor: "must represent the debtor in all matters, other than adversary proceedings …." Substantively, both rules are functionally identical. If anything, the inclusion of the words "*other than adversary proceedings*" makes it clear a lawyer who appears for a debtor in Bankruptcy Court accepts *less* responsibility than a lawyer who appears in District Court.

Despite this, and as was already explained in the original motion, judges in the Arizona District Court (with the arguably *more* restrictive local rule) have expressly agreed: "a limited scope appearance is *not inconsistent* with federal law or the Federal and Local Rules of Civil Procedure." *Jacobs*, 2018 WL 2939821, *2 (emphasis added). Because Bankruptcy Court Local Rule 9010-1(c)(1) is substantively identical to District Court Local Rule LRCiv. 83.3(a), this Court should reach the same conclusion.

And what contrary authority does the trustee offer in response? A single out-of-jurisdiction case – *In re Seare*, 493 B.R. 158 (Bankr. D.Nev. 2013). If counsel for the trustee had actually read *Seare* (which is, admittedly, a burdensome, 92-page opinion which undersigned counsel *has* now read), she would have known *Seare* not only does not support the trustee's argument, it supports exactly the *opposite premise*.

*Seare* did not involve an attorney who requested leave to appear on a limited scope basis. Rather, *Seare* involved a lawyer (named DeLuca) who charged a debtor (Mr. Seare) a flat-fee of $1,995.00 for filing a Chapter 7 petition. Unfortunately, the lawyer (DeLuca) failed to adequately investigate the debtor's affairs.

GINGRAS LAW OFFICE, PLLC
4802 E RAY ROAD, #23-271
PHOENIX, ARIZONA 85044

As a result, DeLuca did not realize the primary debt owed by Mr. Seare was a judgment ordering Seare to pay sanctions in the amount of $67,000 for committing "fraud on the court" in a prior litigation matter involving a creditor called St. Rose Dominican Health Foundation ("St. Rose"). *See Seare*, 493 B.R. at 171 (noting in the underlying case, the trial court found "Seare submitted evidence in the form of e-mails that he had 'embellished' to boost his claims.") Although DeLuca filed the Chapter 7 petition (as agreed with his clients), he refused to represent the clients in an adversary proceeding filed by St. Rose, claiming this was not part of his representation agreement with Mr. Seare.

The Bankruptcy Court subsequently ordered Mr. DeLuca to show cause why he should not be sanctioned for failing to represent Mr. Seare in the adversary proceeding filed by St. Rose. In a lengthy 92-page opinion, the Court analyzed a variety of Nevada's ethical rules and determined that Mr. DeLuca violated several of them. As a result, the Court sanctioned Mr. DeLuca by ordering him to repay the $1,995.00 flat fee he received from the debtor, Mr. Seare.

Literally nothing in *Seare* supports the trustee's position *vis-à-vis* undersigned counsel's request to enter a limited scope appearance in this matter. Very much to the contrary – the Bankruptcy Court explained limited scope appearances (which it referred to as "unbundling") <u>were entirely *proper* and *permissible*</u>:

> Before assessing the specific rules and statutes at issue, a thorough discussion of unbundling is necessary. Unbundling is the practice of limiting the scope of services that an attorney will provide—"dividing comprehensive legal representation into a series of discrete tasks, only some of which the client contracts with the lawyer to perform." It is growing ever more common in general, and in family law and bankruptcy law in particular. In bankruptcy cases, for example, the client and attorney may agree that not everything that could be done should be done by the attorney; some things might be left to the client or to other professionals. In effect, this unbundling excludes services that might aid or further the client's goals, but with the expectation and assumption that the items excluded can be accomplished by the client acting alone, or with another, presumably less expensive, attorney. The practice can benefit clients by

GINGRAS LAW OFFICE, PLLC
4802 E RAY ROAD, #23-271
PHOENIX, ARIZONA 85044

> giving them access to legal services that would otherwise be too expensive, and clients may feel a greater sense of satisfaction "flowing from the collaborative effort of achieving the client's desired goals."

*Seare*, 493 B.R. at 183 (citing Amber Hollister, *Limiting the Scope of Representation: Unbundling Legal Servs*., 71 Or. St. B. Bull. 9, 9 (2011)).

The *Seare* court then offered a detailed and extensive survey of how other courts, bar associations, and legal scholars addressed the issue of limited scope or "unbundled" services. After this review, the court concluded limited scope/unbundled services were proper, at least when a lawyer seeks to represent a Chapter 7 debtor *without* also accepting responsibility for related adversary proceedings:

> In light of the above, the court agrees that adversary proceedings can be unbundled, so long as the limitation complies with the applicable rules and statutes, and that a lawyer may charge additional fees for adversary proceedings.

*Seare*, 493 B.R. at 188.

Ultimately, the Nevada court found the attorney (DeLuca) did *not* comply with all applicable rules when he sought to limit the scope of his representation to exclude adversary proceedings. Based on this failure, the court imposed a relatively mild sanction – it ordered DeLuca to repay the $1,995.00 he received from Mr. Seare, and it required him to complete 15 hours of additional CLE classes. *Id*. at 225–26.

Literally no part of *Seare* is helpful (or even arguably supportive) of the trustee's position here. Contrary to the trustee's argument, *Seare* held (like the Arizona District Court did in *Jacobs* and *Folta*, cited *supra*) limited scope representations were appropriate, subject to certain rules.

Here, the trustee's counsel presents no argument, and certainly no evidence, to support a conclusion (like the one reached in *Seare*) that the limited scope representation proposed in this case would not comply with any ethical rule, legal rule, or other requirement. That fact, standing alone, should be conclusive.

GINGRAS LAW OFFICE, PLLC
4802 E RAY ROAD, #23-271
PHOENIX, ARIZONA 85044

In addition, the trustee also offers a second baseless argument – i.e., that "it appears that Gingras' proposed limited scope appearance would not cover issues pertaining to adversary proceedings." Doc. 38 at 3:18–20. OKAY, so what?

As both sides have noted, Local Rule 9010-1(c)(1) is already very clear – a lawyer's general appearance for a debtor in a primary bankruptcy case *does not* mean the lawyer has also appeared in (or is responsible for) any adversary proceedings. Thus, the trustee simply misrepresents the nature and effect of the relief sought here. In other words, if this Court allows a limited scope appearance, or if undersigned counsel simply decides to accept a larger risk by entering a general appearance *without* leave to impose any limitations on scope or duration, that still would not mean counsel is obligated to appear in any *potential* future adversary proceedings.

If the trustee chooses to file an adversary proceeding in the future, that bridge will need to be crossed when and if that event occurs. That is true *regardless* of whether the current motion for leave to enter a limited scope appearance is granted or denied.

**b. There Is No Conflict of Interest, And The Trustee's Counsel Misrepresents The Ethical Rules**

The trustee's second and remaining argument is that undersigned counsel has a "conflict of interest". This assertion is based on the trustee's mistaken beliefs about a statement Ms. Owens made during a prior state court litigation in which she claimed to have $450,000 in a bank account.

To be clear – if the trustee were to file a pleading alleging Ms. Owens did, in fact, have $450,000 in a bank account and that she lied in her bankruptcy schedules when she failed to list those funds as a present asset, this would constitute a clear violation of Fed. R. Bankr. P. 9011. But of course, the trustee has *not* taken such action (yet); he is merely investigating this issue (as he is legally and ethically obligated to do).

In short, there is no *pending* adversary proceeding involving the $450,000 issue. Unless the trustee intends to lie to this Court, or to bring a proceeding without first investigating the claims, this issue is purely speculative and hypothetical.

GINGRAS LAW OFFICE, PLLC
4802 E RAY ROAD, #23-271
PHOENIX, ARIZONA 85044

But even if it were not, the trustee's position is based on a clear and material misstatement of the law. Specifically, based solely on the potential, future, hypothetical possibility that an adversary proceeding might be forthcoming and might someday be the subject of a trial, the trustee suggests this mere possibility *per se* forbids undersigned counsel from having any role in this case, because: "Rule 3.7 of the Arizona Rules of Professional Conduct, which applies to attorneys appearing in this Court pursuant to Local Rule 9010-1(a), prohibits a lawyer from acting as an advocate for a client in a case in which the lawyer is *likely to be a necessary witness*." Doc. 5 at 8–9 (emphasis added).

What the rule *actually* says is something entirely different:

> **ER 3.7. Lawyer as Witness**
>
> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

By its own terms, Arizona's Ethical Rule ER 3.7 never prohibits a lawyer from assisting a client in pre-trial matters simply because the lawyer's testimony *might* later be needed at trial. Rather, ER 3.7 merely states that IF a lawyer is likely to be necessary trial witness, the lawyer cannot also act as an *advocate* at trial UNLESS one of three exceptions apply.

This rule is simply irrelevant here, for multiple reasons. First, there is no *actual* adversary proceeding pending in which undersigned counsel is likely to be witness. The mere hypothetical possibility of a *potential* future action does not implicate the rule in any way. Second, even if there was an adversary proceeding filed, that matter is not scheduled for trial. The rule does not prevent a lawyer from assisting a client with pre-trial preparation, even assuming the lawyer becomes a trial witness.

GINGRAS LAW OFFICE, PLLC
4802 E RAY ROAD, #23-271
PHOENIX, ARIZONA 85044

Third and finally, IF a future adversary proceeding was filed (which could only happen if the trustee intentionally violates Fed. R. Bankr. P. 9011), and IF that case were set for trial, ER 3.7 would *still* not preclude the undersigned from acting as both an advocate and a witness at trial because the exceptions of both ER 3.7(a) and 3.7(c) would apply (the underlying issue relating to the $450,000 will not be a contested issue, because the facts relating to this point are undisputed, and even if they were not, disqualifying the undersigned from representing Ms. Owens would work a substantial hardship, since she is unable to afford private bankruptcy counsel).

**III. CONCLUSION**

The trustee's objection to undersigned counsel's request to enter a limited scope appearance in this matter has no merit. The motion should be granted, and the trustee's objection overruled.

DATED February 18, 2026.

**GINGRAS LAW OFFICE, PLLC**

David S. Gingras

GINGRAS LAW OFFICE, PLLC
4802 E RAY ROAD, #23-271
PHOENIX, ARIZONA 85044

GINGRAS LAW OFFICE, PLLC
4802 E RAY ROAD, #23-271
PHOENIX, ARIZONA 85044

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record have been served with this pleading via CM/ECF, and that on this date I emailed a copy of the foregoing to: Laura Michelle Owens, laura@lauramichelleowens.com.