**Fill in this information to identify your case:**

Debtor 1    Laura _____ Owens
           First Name    Middle Name    Last Name

Debtor 2 _____
(Spouse, if filing) First Name   Middle Name    Last Name

United States Bankruptcy Court for the: District of Arizona

Case number  2:25-bk-11801 _____
 (If known)

---

**Check one box only as directed in this form and in Form 122A-1Supp:**

☑ 1. There is no presumption of abuse.

☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A–2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☑ Check if this is an amended filing

---

Official Form 122A—1

# Chapter 7 Statement of Your Current Monthly Income          10/19

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.**

## Part 1:  Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☐ **Married and your spouse is NOT filing with you. You and your spouse are:**

      ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

      ☐ **Living separately or are legally separated**. Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C. § 707(b)(7)(B).

   **Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case**. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 2. **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $_____ |
| 3. **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $_____ |
| 4. **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 4,500.00 | $_____ |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | $_____ | | | |
| Ordinary and necessary operating expenses | − $ 0.00 | − $_____ | | | |
| Net monthly income from a business, profession, or farm | $ 0.00 | $_____ | **Copy here➜** | $ 0.00 | $_____ |

6. **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | $_____ | | | |
| Ordinary and necessary operating expenses | − $ 0.00 | − $_____ | | | |
| Net monthly income from rental or other real property | $ 0.00 | $_____ | **Copy here➜** | $ 0.00 | $_____ |

| 7. **Interest, dividends, and royalties** | | $ 0.00 | $_____ |
|---|---|---|---|

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 8. **Unemployment compensation** | $ 0.00 | $_____ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: .............................. ⬇

For you ........................................................ $_____

For your spouse ............................................. $_____

| | | |
|---|---|---|
| 9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title. | $ 0.00 | $_____ |

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

| | | |
|---|---|---|
| _____ | $ 0.00 | $_____ |
| _____ | $_____ | $_____ |
| Total amounts from separate pages, if any. | + $ 0.00 | + $_____ |

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ 4,500.00 **+** $_____ **=** $ 4,500.00

**Total current monthly income**

---

## Part 2: Determine Whether the Means Test Applies to You

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11. ................................................................ **Copy line 11 here** ➡ $ 4,500.00

Multiply by 12 (the number of months in a year). **x 12**

12b. The result is your annual income for this part of the form.    12b. $ 54,000.00

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.    Arizona

Fill in the number of people in your household.    1

Fill in the median family income for your state and size of household. ....................................... 13. $ 70,919.00

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

14a. ☑ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.* Go to Part 3.

14b. ☐ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.* Go to Part 3 and fill out Form 122A–2.

Debtor 1    <u>Laura</u>                          <u>Owens</u>         Case number *(if known)* <u>2:25-bk-11801</u>

First Name        Middle Name        Last Name

---

### Part 3:    Sign Below

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

✗ _Laura Owens_ _____       ✗ _____

    Signature of Debtor 1                                             Signature of Debtor 2

Date <u>3/19/2026</u>                                        Date _____

       MM /   DD   / YYYY                                          MM /   DD   / YYYY

If you checked line 14a, do NOT fill out or file Form 122A–2.

If you checked line 14b, fill out Form 122A–2 and file it with this form.

Case 2:25-bk-11801-BKM    Doc 44    Filed 03/20/26    Entered 03/20/26 08:06:23    Desc
Main Document    Page 3 of 7

# DECLARATION OF LAURA OWENS

1.      My name is Laura Owens.  I am the debtor in bankruptcy case 2:25-bk-11801.

2.      I am making this statement to help explain my current income/expenses which are admittedly somewhat unusual and to explain why I am filing an amendment to form 122A-1.

3.      Since 2021, I have lived at home with my parents in their guest house. I do not pay rent or any utilities. My parents allow me to live in their guest house for free. In return I provide care to my elderly father.

4.      When I initially filed bankruptcy in December 2025, I filed a form (122A-1) titled "Chapter 7 Statement of Your Current Monthly Income".  That form was filed on 12/22/2025 and is docket entry 21.

5.      On form 122A-1, I understand line 4 asked me to include: "All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support." I listed $0 in response to that question because that is what I believed was a correct answer at the time based on how the question was worded.

6.      I am not an accountant or an attorney, but my understanding is that Form 122A-1 asked me to report my "Current Monthly Income".

7.      My understanding is gifts/support from parents are *not* "income", at least for IRS/tax purposes.

8.      Also, the utilities at my parents' home (water, electricity, internet, etc.) are registered in my parents' names, not mine. For that reason, I do not receive any utility bills with my name on them and I do not pay any such bills, nor do my parents pay MY bills with THEIR money.

9.      When I initially filed Form 122A-1, I did not understand line 4 to include amounts paid by <u>my parents</u> for <u>*their* utilities</u>, which I happen to benefit from. The question seemed to ask about amounts "paid for household expenses *of you*" which I interpreted to mean household expenses that I actually owe; i.e., bills in *my name* which someone else pays for me. Based on that interpretation, my answer was correct.

10.    After I initially filed Form 122A-1 on 12/22/2025, I spoke with a bankruptcy attorney who told me about the "means test". I have never filed bankruptcy before, and until I spoke with a lawyer about this, I had never heard of the "means test".

11.    I have since learned the means test looks at a debtor's "means", not just their income. My understanding is even if a debtor has no taxable income, if they regularly receive large gifts which are likely to continue in the future (like consistent, regular monthly payments from a family trust fund), that debtor may not qualify for a Chapter 7 discharge, because even if they do not have taxable income, they have other "means" to pay their debts.

12.    In the last two years, I have not received any taxable income from working.

13.    I do not have a trust fund and I do not receive "regular" gifts from my parents in the sense of them giving me free money or checks that I can use as disposable income.

14.    Although my parents allow me to live at their property for free and help me pay some bills such as a car payment, I do not receive regular, substantial gifts from them in excess of $70,919 per year.

15.    Now that I have a clearer understanding of the means test and what information is considered as part of that test, I have filed an amended form 122A-1 to clarify exactly what sort of family support I am receiving, even though some of these numbers are hypothetical.

16.    On the amended form 122A-1, I have reported a corrected amount of $4,500 on line 4 reflecting "amounts from any source which are regularly paid for household expenses." This total is only an estimate of fair values, not a reflection of the actual amounts received because the actual amounts are much lower since some items, like the rental value of the guest house I am living in, are not actually paid by anyone.

17.    The total amount of support I am reporting ($4,500) was calculated based on the following estimates:

    a. Estimated Monthly Rental Value of Guest House: $1,000
    b.  Food/housekeeping products provided by parents: $1,800

c. Phone/internet/other bills paid by parents: $500
d. Gym membership $200 (avg.)
e. Car Payment/Gas/Insurance: $750 (avg.)
f. Miscellaneous (lunch/dinners out): $250

18. There is one other point I want to clarify regarding my income/assets.

19. I have been accused of lying about the fact that in 2024, I signed affidavit saying I had $450,000 in cash in "my" checking account.

20. I did sign an affidavit which contained that statement, but this was a simple inadvertent mistake based on a typographical error which had nothing to do with the underlying case.

21. The affidavit which contained that statement was initially drafted by my attorney, David Gingras. At the time this affidavit was drafted, I had just retained Mr. Gingras weeks earlier, and he was not familiar with the complicated facts of my case.

22. Mr. Gingras drafted a lengthy affidavit which explained the background details of a case called *Owens v. Echard*. One minor background detail involved the story of how I met Mr. Echard in May 2023. At that time, Mr. Echard just started working as a realtor, and I contacted him to ask about looking at some investment properties. During that process, I was planning to borrow money from an investor for the down payments using something called the "Morby Method". This method allows people to purchase investment properties without needing to use their own money for the down payment.

23. I eventually asked Mr. Echard to submit two offers to purchase properties in Scottsdale. As part of that process, Mr. Echard (who was aware of my intention to use the "Morby Method) contacted the investor I was planning to work with to obtain proof the investor had sufficient funds to cover the down payments. This resulted in the investor giving Mr. Echard a bank statement which showed approximately $450,000 in cash in the investor's account.

24. Mr. Echard was fully aware, at every step, that the $450,000 belonged to the investor I was working with, and that this was not my money.

25. Because this detail was not material to any aspect of the *Owens v. Echard* case, I did not have extensive discussions with Mr. Gingras about the source of the funds. Because it was not a significant issue, when he drafted my affidavit, Mr. Gingras mistakenly assumed the $450,000 was in *my* bank account when, in fact, it was not (it was in my investor's bank account).

26. Before my affidavit was finalized, Mr. Gingras sent me a draft to review. He specifically asked me to read the affidavit and let him know if it contained any errors.

27. Based on his request, I tried to read the affidavit carefully, but I simply did not see the error about the source of the $450,000 down payment. For that reason, I did not inform Mr. Gingras about the error when I gave him my permission to add my electronic signature to the affidavit, and he was unaware of this error until much later, after the case was over.

28. This mistake was not intentional on my part. Mr. Echard always knew that I did not have $450,000 in my bank account, and he knew that money belonged to a third party investor, not to me.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America and the State of Arizona that the foregoing is true and correct.

DATED March 19, 2026.

_____
Laura Owens