# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

# **MINUTE ENTRY**

*Hearing Information*

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Brenda K. Martin |
| Case Number: | 2:25-bk-11801-BKM |
| Debtor(s): | Laura Owens |
| Chapter: | 7 |
| Date and Time: | 05/14/2026 2:15 PM |
| Location(s): | PHX-701 |
| Courtroom Clerk: | Jennifer Lowry |
| Electronic Court Recording Operator: | Leticia Romero |

*Matter(s):*

HEARING ON STIPULATED MOTION TO DISMISS WITH PREJUDICE

*Appearances:*

LAURA OWENS, DEBTOR
JENNIFER GIAIMO, ATTORNEY FOR THE U.S. TRUSTEE
MARKUS RISINGER, ATTORNEY FOR CLAYTON ECHARD

*Proceedings:*

COURT: THE COURT NOTES THAT THE HEARING IS OPEN TO THE PUBLIC AND ADMONISHES ALL PERSONS LISTENING TO THE PROCEEDINGS THAT FEDERAL LAW PROHIBITS VIDEO OR AUDIO RECORDING OF THE HEARING.

Ms. Giaimo explains that the debtor, creditor Clayton Eckerd, and the U.S. Trustee reached an agreement to voluntarily dismiss the bankruptcy case with a one-year bar prohibiting the debtor from filing another bankruptcy petition in any United States Bankruptcy Court for a period of one year from entry of the dismissal order. Ms. Giaimo further notes that the stipulated motion to dismiss contains the debtor's wet signature while the proposed stipulated order lodged with the Court contains the debtor's electronic signature. She reports that she communicated with the debtor to confirm that the debtor personally signed both the stipulated motion and the proposed stipulated order notwithstanding the differing appearance of the signatures. Ms. Giaimo further represents that proper notice of the hearing was provided to all creditors and parties in interest, that no objections to dismissal were filed, and that counsel for the Chapter 7 Trustee indicated the trustee does not object to dismissal of the case.

Ms. Giaimo requests confirmation from the debtor that she signed both the stipulated motion and proposed order, voluntarily agreed to the terms of dismissal and the one-year refiling bar, that no additional promises or inducements were made in exchange for the agreement, and that the debtor understands she will be prohibited from filing another bankruptcy case in any United States Bankruptcy Court for one year following entry of the dismissal order.

Ms. Owens confirms that she signed one document electronically and the other with a wet signature, voluntarily agreed to the terms of the stipulated dismissal and refiling bar, that no additional promises or

inducements were made, and that she understands the terms and effect of the one-year refiling prohibition.

Ms. Giaimo requests entry of the proposed stipulated order dismissing the case.

COURT: THE COURT HAS REVIEWED THE STIPULATED MOTION AND PROPOSED ORDER PRIOR TO THE HEARING AND FINDS GOOD CAUSE TO APPROVE THE AGREEMENT OF THE PARTIES, INCLUDING THE ONE-YEAR BAR TO REFILING. THE COURT WILL SIGN THE PROPOSED ORDER.

THE COURT NOTES THAT THE PROPOSED ORDER PROVIDES FOR DISMISSAL OF THE RELATED ADVERSARY PROCEEDING AND INQUIRES WHETHER THE PARTIES REQUEST THAT THE ADVERSARY PROCEEDING BE DISMISSED PURSUANT TO THE TERMS OF THE ORDER WITHOUT FURTHER FILINGS.

Mr. Risinger confirms that the parties request dismissal of the adversary proceeding pursuant to the terms of the stipulated order.

COURT: THE COURT STATES THAT THE COURT WILL INCLUDE THAT DIRECTION IN THE ORDER.